UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                              Case No. 12-11124
               Plaintiff,
                                                     Paul D. Borman
v.                                                                             United States District Judge

                                                     Mark A. Randon
                                                     United States Magistrate Judge
THE WW GROUP, INC., d/b/a
Weight Watchers,

               Defendant.
_____/

ORDER AFFIRMING MAGISTRATE JUDGE RANDON'S
JANUARY 24, 2013 ORDER (ECF NO. 25)

      Before the Court are Plaintiff's Objections (ECF No. 26) to Magistrate Judge Randon's January 24, 2013 Order Granting in Part the Plaintiff's Motion to Compel (ECF No. 13) and Rule 56(d) Motion to Defer Summary Judgment Ruling (ECF No. 19). Defendant filed a response to the Objections (ECF No. 28) and on March 8, 2013, Plaintiff replied (ECF No. 29). Having reviewed the Magistrate Judge's conclusions, the COURT AFFIRMS the Order and DENIES Plaintiff's Objections.

**I.**      **BACKGROUND**

      In this action, the Equal Employment Opportunity Commission ("EEOC") has filed this claim of pregnancy discrimination against Defendant The WW Group, Inc. ("WW") claiming that WW discriminated against Wendy Lamond-Broughton ("Broughton") on the basis of her sex by refusing to hire her because she was pregnant. WW has a goal weight policy that requires anyone applying for a position as group leader or receptionist (positions in which Broughton expressed an

1

interest) to be at goal weight when hired. The Employment Opportunity Card that Broughton filled out states that: "Prospective staff must have a body weight that is within the Weight Watchers goal range." (ECF No. 31, Ex. 7, Employment Opportunity Reply Card.) WW also has a goal weight policy for hired staff, which makes temporary exceptions to strict adherence to the goal weight policy under certain circumstances, including an employee's pregnancy. These same exceptions are not made for applicants, who, under the WW policy, must be at goal weight to be hired.

WW argues that Broughton, not an employee but a prospective applicant for employment, was over goal weight by her own admission at the time she submitted her Employment Opportunity Reply card, expressing an interest in receiving information about applying for a position. It is undisputed by the EEOC that the Defendant's policy requires that an individual must be at goal weight to be considered for employment. Importantly, as Magistrate Judge Randon noted in his Order, the EEOC does not challenge in this action the legality of the goal weight requirement and does not claim that the goal weight policy has a disparate impact on pregnant women. Its only claim relates to the application of that policy to Broughton in this case.

The EEOC objected to that portion of Magistrate Judge Randon's order that precluded the EEOC from obtaining discovery regarding WW's treatment of pregnant staff/employees under its staff goal weight policy, including whether and under what circumstances Defendant makes exceptions to its policy for pregnant employees. (ECF No. 26, Objections at 7.) WW concedes, for purposes of summary judgment, that its employee Carolyn Bough ("Bough") told Broughton that WW did not hire pregnant women, and that such a statement, if made, would constitute direct evidence of discrimination. WW's only basis for its motion for summary judgment is that Broughton can not establish a *prima facie* case of discrimination because it is undisputed that she

2

was not objectively qualified, according to WW's objective goal weight applicant policy, to be hired by WW. Therefore, in response to the EEOC's Federal Rule of Civil Procedure Rule 56(d) motion, Magistrate Judge Randon limited discovery to the objective qualification component of the case and to areas that may lead to evidence regarding whether in fact Broughton was over her goal weight, whether WW unequally applied its applicant goal weight policy, whether exceptions had been made to the policy for prior applicants, and what WW knew to be true about Broughton's weight and her application for employment. Magistrate Judge Randon also permitted discovery into any statements or communications that could establish direct evidence of discrimination.

## II.   STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit

has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

## III. ANALYSIS

Magistrate Judge Randon's order permits the EEOC to discover information relating to whether or not WW had a goal weight policy that applied to applicants, what the contours of that policy were, whether it applied that policy even-handedly in Broughton's case and whether Broughton met that standard at the time she sought employment at WW. Since Broughton was never a WW employee, and therefore never subject to the staff goal weight policy, and because the EEOC is not challenging the goal weight policy itself, or its impact on pregnant women as a group, Magistrate Judge Randon appropriately denied the EEOC's Rule 56(d) motion to conduct discovery into WW's treatment of its employees under the staff goal weight policy. WW concedes, for purposes of its summary judgment motion, that its employee, Carolyn Bough, directly discriminated against Broughton in the hiring process. WW's only argument on summary judgment is that

Broughton was objectively unqualified for the position.[1] Thus, in order to effectively respond to WW's motion, the EEOC has been granted discovery into all matters relevant to responding to that motion, including the opportunity to conduct requested depositions of WW employees.[2]

Whether there were exceptions made to the goal weight policy as applied to applicants, whether the applicant goal weight policy in fact had an acceptable "goal range" that was not observed in this case, whether other applicants were given opportunities to achieve goal weight and re-apply, these are questions that relate to WW's motion for summary judgment. Nothing in Magistrate Judge Randon's Order precluded discovery into these areas. As the Court noted earlier, and as Magistrate Judge Randon noted in his Order, the EEOC is not challenging the validity of the applicant goal weight policy in this case.[3]

---

[1] "At the *prima facie* stage, a court should focus on a plaintiff's objective qualifications to determine whether he or she is qualified for the relevant job." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575 (6th Cir. 2003). *See also Ferrette v. Cuyahoga County Bd. of Elections*, 105 F. App'x 722, 726 (6th Cir. 2004) (finding that plaintiff, who lacked the computer skills required for the job, failed to state a *prima facie* case that she met the minimum objective criteria required for the job).

[2] While the Magistrate Judge did not separately address specific individuals whose depositions were authorized by his Order, it appears that those depositions have been taken. And in fact, in the course of those depositions, several questions regarding the goal weight policy as it applied to pregnant employees, even though beyond the scope of the Magistrate Judge's Order, were asked and answered.

[3] The Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) made this same, important distinction:

> We note that the issue of what may properly be used to test qualifications for employment is not present in this case. Where employers have instituted employment tests and qualifications with an exclusionary effect on minority applicants, such requirements must be 'shown to bear a demonstrable relationship to successful performance of the job' for which they were used, *Griggs v. Duke Power Co.*, 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). *Castro v. Beecher*, 459 F.2d 725 (CA1 1972); *Chance v. Board of Examiners*, 458 F.2d 1167 (CA2 1972).

411 U.S. at 802 n.14. No such challenge has been made by the EEOC in this case and thus evidence

The Court concludes that Magistrate Judge Randon's Order confining discovery to those matters that were necessary for the EEOC to effectively respond to the WW's motion for summary judgment was not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's Order is AFFIRMED.

IT IS SO ORDERED.

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 22, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 22, 2013.

                                                  s/Deborah Tofil
                                                  Case Manager

---

that would bear only on this issue is not relevant here.